FILED
SUPERIOR COURT
OF GUAM

2025 MAR -6 PM 5:08

CLERK OF COURT

BY: _____

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| CHRISTOPHER A. TORRES, | CIVIL CASE NO. CV0379-22 |
| Plaintiff, | |
| vs. | |
| CHAMORRO EQUITIES, INC., | |
| Defendant. | |
| CHAMORRO EQUITIES, INC., | **DECISION AND ORDER** |
| Counterclaim-Plaintiff, | *Re: CEI's Motion for Summary Judgment* |
| vs. | |
| CHRISTOPHER A. TORRES, | |
| Counterclaim-Defendant. | |
| STEVEN L. ULLOA and LISA A. ULLOA, | |
| Intervenors. | |

This matter came before the Honorable Arthur R. Barcinas on November 20, 2024 for a hearing on Defendant/Counterclaim-Plaintiff Chamorro Equities, Inc.'s ("CEI") Motion for Summary Judgment ("Motion"). Present at the hearing were Attorneys Braddock J. Huesman

and Edwin J. Torres for Plaintiff/Counterclaim-Defendant Christopher A. Torres ("Torres"); Attorney Wilfred "Bill" R. Mann for CEI; and Attorney Mitchell F. Thompson, representing Intervenors Steven L. Ulloa and Lisa A. Ulloa (collectively, "the Ulloa's").

## **BACKGROUND**

This matter arises from a dispute regarding the validity of a transfer of CEI stock from the Ulloas to Torres, allegedly in violation of CEI's Articles of Incorporation. On September 22, 2022, Defendant filed a Motion for Summary Judgment under Guam Rules of Civil Procedure ("GRCP") 56, seeking a declaration that the transfer is illegitimate and that Torres is not entitled to the CEI shares or the dividends and distributions therefrom.

The facts alleged are as follows:

1.      Article 5.1 of CEI's Articles of Incorporation requires that CEI be given the right of first refusal upon any sale of CEI stock.

2.      On February 28, 2022, and March 11, 2022, Lisa and Steven Ulloa, respectively, entered into agreements to sell their stock to Torres.

3.      On May 10, 2022, CEI received a letter from Torres' counsel dated May 9, 2022, informing CEI that Torres had purchased the stock and demanding that the stock be registered in Torres's name.

4.      On the same day, CEI president Robert Ulloa sent a letter informing Torres' counsel that CEI had received no offers of sale from the Ulloas and that if the stock was for sale, CEI intended to purchase it.

5.      As a shareholder in CEI, Torres was aware of CEI's Articles of Incorporation and the first refusal clause therein.

6.      The Ulloas allegedly did not offer to sell their stock to CEI.

On September 22, 2022, CEI filed the instant Motion, asserting entitlement to summary judgment on Count One of the Complaint because Torres has no right to compel CEI to transfer registration of the Ulloas' stock to him. CEI argues that, under Article 5.1 of CEI's Articles of Incorporation, an offer to CEI is the triggering event for CEI's right of first refusal, which it did not waive. CEI further argues that it does not owe any dividends or distributions to Torres from the shares because Article 8.06 of CEI's bylaws states that only shareholders of record are entitled to receive dividends or distributions. CEI contends that it is entitled to summary judgment on Counts Two and Three of the Complaint, as these counts allegedly reiterate Torres' claim of entitlement to dividends and distributions, disguised as an interference with contract claim and a request for a permanent injunction, respectively.

On October 31, 2024, after a stay, Torres filed an opposition, arguing that CEI's claimed right of first refusal applies only to the sale of shares to outsiders to the corporation, that an offer does not trigger CEI's right of first refusal, that CEI owes dividends to Torres, that CEI is a stranger to the contracts between Torres and the Ulloas, and that Torres is entitled to an injunction to compel registration of the shares and enjoin CEI from further interfering with Torres's voting rights.

On November 14, 2024, CEI filed its reply, arguing that Torres's opposition violates GRCP 56.1(b)(2) by allegedly failing to respond to CEI's Statement of Undisputed Material Facts, that the May 9, 2022 letter was not an offer to purchase the stock, that CEI was under no obligation to transfer the Ulloa stock to Torres and did not wrongfully interfere with the contracts between the Ulloas and Torres, and that CEI does not owe any dividends to Torres.

On November 20, 2024, the Court took the matter under advisement.

## DISCUSSION

### A. Legal Standard

Pursuant to GRCP 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "Summary judgment is only proper if 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Guam Resorts, Inc. v. G.C. Corp.*, 2013 Guam 18 ¶ 36. "In rendering a decision on a motion for summary judgment, the court must draw inferences and view the evidence in a light most favorable to the non-moving party." *Id.* If the movant can demonstrate that there are no genuine issues of material fact, the non-movant cannot merely rely on allegations contained in the pleadings but must produce at least some significant probative evidence tending to support the pleadings. *Bank of Guam v. Flores*, 2004 Guam 25 ¶ 7. A material fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit. *Id.* ¶ 8.

### B. Analysis

Upon review of the record, the Court finds that there are no genuine issues of material fact in the pleadings and motion briefs, as the issues that the parties disagree on are questions of law, not fact.

### C. Interpretation of Right of First Refusal

The parties do not agree on their interpretation of the right of first refusal, or when the exemption applies. CEI asserts that Article 5.1 applies to all stock transfers saved for those involving immediate family members, and since Torres is not an immediate family member of

the Ulloas, the right of first refusal applies. Torres asserts that, because CEI is a closely-held corporation, the right of first refusal in Article 5.1 was intended to apply to sales involving outsiders to CEI, not to transactions between current shareholders. Torres further argues that CEI, in neither exercising the right nor allowing the contract between Torres and the Ulloas, is essentially misusing the right as a veto power instead of exercising the right and purchasing the shares from the Ulloas itself.

The interpretation of contractual provisions such as Article 5.1 is a matter of law for the court to decide. *Ticknor v. Choice Hotels Int'l, Inc.*, 265 F.3d 931, 936 (9th Cir. 2001). The language of Article 5.1 states that no shareholder shall transfer stock unless the stock is first offered to the corporation. Torres argues that Article 5.1 does not apply to sales between existing shareholders, but the Court finds Article 5.1's language unambiguous. Taking the provision as written, Torres's purchase of stock violated CEI's right of first refusal.

### D. Triggering Event for Right of First Refusal

The parties do not agree on what the triggering event for the right of first refusal was. CEI asserts that the right of first refusal was never triggered because the Ulloas never formally offered to sell their shares to CEI before selling to Torres. It further asserts that the May 9, 2022 letter only informed them of a completed sale to Torres and was not an offer. But Torres asserts that CEI had notice of the sale and had the opportunity to exercise its right but chose not to, thus waiving its right of first refusal. Again, this is a legal question, because it turns on when the right of first refusal is triggered. The Guam Supreme Court has found that "[a] right of first refusal, as a preemptive right, requires [the seller] to first offer the property to the person holding the right of first refusal at the stipulated price and terms in the event the owner decides to sell." *Mobil Oil Guam, Inc. v. Tendido*, 2004 Guam 7 ¶ 21 (emphasis added). The May 9,

2022 letter did not offer the stock to CEI; it merely informed CEI that a sale had already taken place. Article 5.1 requires an actual offer to trigger CEI's right of first refusal, not retroactive notification of a completed transaction. Thus, the Court finds that CEI's right of first refusal was never triggered, and that the thirty-day period for CEI to exercise its right of first refusal never began.

## E.    Waiver of Rights

The parties do not agree on whether CEI waived its rights as a matter of law. CEI asserts that it acted in good faith, but that it had no duty to act because it allegedly never waived its right of first refusal. It further asserts that it was not obligated to act until the Ulloas made them a proper offer. Torres, in contrast, asserts that CEI's failure to act within thirty days constituted a waiver of its right of first refusal. Torres argues that CEI blocked the transaction with no intention to buy the shares itself, which he contends would be in bad faith.

"[Mutuality is the centerpiece to waiving or modifying a contract, just as mutuality is the centerpiece to forming any contract." *Quality Products and Concepts Co. v. Nagel Precision, Inc.*, 666 N.W.2d 251, 253 (Mich. 2003). The existence of a waiver is a question of law. "This mutuality requirement is satisfied where a waiver or modification is established through clear and convincing evidence of a written agreement, oral agreement, or affirmative conduct establishing mutual agreement to modify or waive the particular original contract." *Id.* at 253-54.

CEI never expressly stated a waiver of its right of first refusal. The Court finds that mere inaction on the part of CEI in response to the May 9, 2022 letter does not constitute waiver, because waiver requires a demonstration of clear intent. Torres asserts that CEI's failure to act within thirty days constituted a waiver, but because no valid offer was made, CEI had no duty to

respond. Thus, because the legal standard for waiver is not met, the Court finds that CEI did not waive its right of first refusal as a matter of law.

<strong><u>CONCLUSION</u></strong>

Based on the foregoing, the Court **GRANTS** CEI's Motion for Summary Judgment.

**IT IS SO ORDERED**    MAR 0 6 2025 .

**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
Berman Law
Razzano, Thompson
Date: 3/6/25 Time: 7:15pm
Jon Anderson
Deputy Clerk, Superior Court of Guam